IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARVELL INTERNATIONAL LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-869-SLR |
| | ) |
| LINK_A_MEDIA DEVICES CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of June, 2011, having reviewed defendant

Link_A_Media Devices Corp.'s ("LAMD's") motion to transfer, as well as the papers

submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 10) is denied, as follows:

1. **Background**. On October 11, 2010, plaintiff Marvell International Ltd.

("Marvell") instituted the present patent infringement litigation, alleging that LAMD

infringes U.S. Patent Nos.: 7,328,395; 7,751,138; 7,099,411; and 7,228,485. (D.I. 1 at

¶¶ 11-32) LAMD moved to transfer the present action to the Northern District of

California. (D.I. 10)

2. **The parties**. LAMD, a Delaware corporation having its principal place of

business in California, is a maker, seller, and/or distributor of micro chips for data

storage devices in the United States. (D.I. 1 at ¶¶ 8-10; D.I. 11 at 1-2) LAMD has

offices in California, Minnesota, the United Kingdom, and Japan. (D.I. 11 at n.2)

Marvell, a Bermuda company having its principal place of business in Bermuda, is the

assignee and sole owner of the patents-in-suit.  (D.I. 1 at. ¶¶ 1, 12, 18, 24, 29)

3.  LAMD asserts that transfer is appropriate because:  (1) LAMD has its principal place of business in the Northern District of California; (2) the court should not defer to Marvell's choice of forum as it did not sue on its home turf; (3) the events giving rise to the litigation arose outside of Delaware; (4) LAMD is a regional enterprise; (5) relevant records and important non-party witnesses reside in the Northern District of California; and (6) court congestion in Delaware gives rise for transfer to California. (D.I. 11)  Notwithstanding LAMD's arguments in support of transfer, there is one pivotal connection to Delaware:  it is LAMD's state of incorporation.  (D.I. 1 at ¶ 2; D.I. 11 at 1)

4.  Marvell opposes transfer, arguing that the court should defer to its choice of forum because:  (1) LAMD is incorporated in Delaware; (2) LAMD has not met its burden to compel the court to transfer the case as LAMD is unable to point to any witness or document that could not be produced in Delaware; and (3) Delaware is known for its expertise in patent litigation.  (D.I. 16)

5.  **Standard of review**.  Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

6.  The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favor

2

the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Medicis Pharm. Corp. v.*

*Nycomed U.S. Inc.*, Civ. No. 10-419-SLR, 2011 WL 1230276, at *2 (D. Del. Mar. 31,

2011). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of

forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68

(D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of

forum will apply as long as a plaintiff has selected the forum for some legitimate reason.

*C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress*

*Semiconductor Corp. v. Integrated Circuit Sys., Inc.,* Civ. No. 01-199, 2001 WL

1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ.

No. 03-983-SLR, 2004 WL 1192641, at *7 (D. Del. May 24, 2004). Although transfer of

an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not

chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the

plaintiff's choice of forum is still of paramount consideration, and the burden remains at

all times on the defendants to show that the balance of convenience and the interests

of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*,

816 F. Supp. 973, 976 (D. Del. 1993).

        7. The Third Circuit has indicated that the analysis for transfer is very broad.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). Although emphasizing that

"there is no definitive formula or list of factors to consider," *Id.*, the Third Circuit has

identified potential factors it characterized as either private or public interests. The

private interests include:

                                        3

(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trail in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include:

(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

8. **Analysis.** The court reiterates that, because LAMD is a Delaware

corporation, it has no reason to complain about being sued in Delaware. Further, while

motions to transfer have been granted for regionally based defendants in the past,

LAMD is not a regional enterprise. *See Synthes USA, LLC v. Spinal Kinetics, Inc.*, Civ.

No. 08-838-SLR, 2009 WL 463977, at *1 (D. Del. Feb. 24, 2009). Unlike the defendant

in *Spinal Kinetics*, whose offices were located solely in California, LAMD has offices not

only in California, but also in Minnesota, the United Kingdom, and Japan. *See id.*

Having offices situated around the globe makes LAMD not only a national player, but

more of an international one, displacing it from regional enterprise status. *See id.*

9. With respect to LAMD's argument regarding court congestion, it is true that

this court's docket reflects the fact that patent cases, perhaps more often than in other

districts, are given a trial date and tried to resolution. Nevertheless, it is the rare

request from counsel for earlier trial dates than those provided by the court and even

4

rarer when such requests are not accommodated by the court to some extent. The court also notes the irony that many members of the bar argue both sides of this argument from case to case, making it even more of a non-issue from the court's perspective.

10. Neither is the court persuaded by LAMD's arguments regarding convenience. In this electronic age, there are no substantial burdens associated with discovery or witness availability that support the need for transfer. With respect to discovery, documents generally are stored, transferred and reviewed electronically. It would be surprising to the court to find that sophisticated litigants, such as those at bar, still maintain their business records in hard copy, thus requiring either travel to California for review of the documents or the copying and transporting of documents. With respect to witnesses, generally the parties agree to take depositions where the witnesses are located (or the court can so order). Moreover, for those cases that get to trial, only a handful of witnesses testify live, and only a very small proportion of those documents produced during discovery are used as trial exhibits. Given these realities, this factor is outdated, irrelevant, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating.

11. Finally, the court weighs California and Delaware's respective public interest in deciding this dispute as evenly balanced between the two states. Even if the parties may be considered to be California residents, LAMD is a corporate citizens of Delaware, and, accordingly, is subject to suit in Delaware. (D.I. 1 at ¶ 2; D.I. 11 at 1)

12. **Conclusion**.  As LAMD is incorporated in Delaware and is not a regional enterprise, and in view of the other considerations discussed above, LAMD's motion for transfer is denied.

United States District Judge